BAKER, J., Dissenting
I reluctantly dissent. The experienced trial judge and a majority of this court are *345 understandably reluctant to hold that California courts with already bulging dockets must make room to decide a dispute with no connection to this State or its residents. But I believe our Legislature, in enacting Code of Civil Procedure section 410.40, has said our courts should be generally open for business when it comes to this type of foreign dispute. ( Code Civ. Proc., § 410.40 ["Any person may maintain an action or proceeding in a court of this state against a foreign corporation or nonresident person where the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of California law has been made in whole or in part by the parties thereto and which (a) is a contract, agreement, or undertaking, contingent or otherwise, relating to a transaction involving in the aggregate not less than one million dollars ($1,000,000), and (b) contains a provision or provisions under which the foreign corporation or nonresident agrees to submit to the jurisdiction of the courts of this state"].)
The majority opinion presents a quite plausible argument that trial judges nevertheless retain some measure of discretion to decline to entertain a case *452 that meets the Code of Civil Procedure section 410.40 criteria. But I see no reason on which the trial judge here could rely to dismiss this case that would not equally apply to any garden-variety Code of Civil Procedure section 410.40 case. If the exceptions are not to swallow the Legislature's chosen rule, I believe the order of dismissal must be reversed.